STATE OF FLORIDA and the TAXPAYERS, PROPERTY OWNERS and CITIZENS OF SAID CITY OF FORT MYERS, INCLUDING NON-RESIDENTS OWNING PROPERTY OR SUBJECT TO TAXATION THEREIN, v. CITY OF FORT MYERS, a municipal corporation.

19 So. (2nd) 613                                    June Term, 1944
November 14, 1944                                    Division A

*Clyde H. Wilson,* and *Sumter Leitner,* for appellant.

*Parker Holt,* for appellee.

TERRELL, J.:

September 16, 1944, the City Council of the City of Fort Myers adopted a resolution providing for the issuance of $1,300,000 refunding bonds, Series A, 1944, and $1,500,000 refunding bonds, Series B 1944, for the purpose of refunding a like principal amount of refunding bonds, issue of 1939. On October 30, 1944, the city council directed publication of notice of sale of the refunding bonds of 1944 and providing for the redemption on January 1, 1945, of the outstanding refunding bonds of 1939, aggregating $2,834,987.04 with the proceeds of the refunding bonds of 1944 and moneys in the sinking fund.

The notice of redemption provides that interest on the refunding bonds, issue of 1939, will cease to accrue from and after January 1, 1945. It also announces that the holders of some of the above described refunding bonds have filed with the city clerk declarations in writing claiming that the refunding bonds then held by them reverted to the original interest rate borne by the indebtedness refunded by such refunding bonds. The City is resisting and announces its purpose to continue to resist such claims. The City agrees, however, that the surrender of said refunding bonds and appurtenant interest coupons for payment under the provisions of this notice will not constitute a waiver of any rights, by virtue of the filing of said declarations, to claim additional interest under the reverter rate.

The answer of the state attorney recites certain provisions of the 1940 resolution authorizing the issuance of the refunding bonds, issue of 1939, having reference to reverter of the interest rates borne by the refunding bonds to the original interest rates borne by the indebtedness which such bonds refunded. In substance, these provisions recite that the interest on the refunding bonds, issue of 1939, shall so revert in the event of default of the City for a period of twelve months

in the performance of any of the covenants or obligations expressed in the refunding bonds or the authorizing resolution or in the event of default in the payment of interest on the bonds and the filing of a declaration in writing with the City by the holders of at least 40 per cent in principal amount of the bonds outstanding upon the happening of such default.

Certain bondholders alleging that the City had defaulted in certain of its covenants under the 1940 resolution filed declarations and one of them filed suit in the United States District Court at Tampa praying for judgment declaring a reversion to the original interest rate and for a money judgment. The City denies in toto these charges and asserts its intent to resist them to the limit of the law. The refunding bonds are general obligations of the City and there is no suggestion that the City is not fully able to meet all its obligations or that a judgment against the City for the difference between the reversionary rates of interest and the basic rate borne by the bonds could not be collected.

The purpose of the refunding bonds is to place the debt of the City on a lower interest rate to the saving of approximately one million dollars to the taxpayers. The 1939 refunding bonds are callable on any interest paying date. This appeal is from a final decree validating both series A and B of the 1944 refunding bonds.

The question for decision may be stated as follows:

May the City of Fort Myers call for redemption of the refunding bonds of 1939 and issue the refunding bonds in question by publication of the notice and resolution of October 30, 1944, in the form and manner provided without providing necessary funds for the additional interest claimed under the reverter provision and would failure to provide for such additional interest have the effect of two outstanding bond issues at the same time in violation of Section 6, Article IX of the Constitution?

The answer to this question turns on the intepretation of the redemption resolution adopted October 30, 1944, and its effect on the bond contract as affected by the interest reverter provision in the former bond contract. There is nothing in Section 6, Article IX of the Constitution of Chapter 132,

Florida Statutes 1941 (General Refunding Law) which prohibits such a provision in a bond contract. The 1940 resolution and the refunding bond contract should therefore be construed in a way to give effect to both the redemption and the interest reverter provisions.

The bonds are callable at par plus accrued interest "at the rate then prevailing as enforceable and collectible." Some of the bondholders assert that under the reverter provisions of the resolution and the refunding bonds, the higher rate of interest borne by the original indebtedness is now enforceable. These holders have filed suits against the City to enforce their claims but the City is resisting these suits on the ground that the rate now enforceable is the base rate recited in the bonds. When this controversy will be determined is indefinite but when it is done, the amount found to be enforceable will be paid by redeeming the current coupons or by the exercise of the City's unlimited power of taxation pledged for the payment of the principal and interest of the refunding bonds.

It is clear that payment of the principal and the basic coupon rate and redemption of the refunding bonds now will in no way prejudice the rights of the bondholders under these claims. Any additional amounts that may be adjudicated to be due them under the bond contract will be paid at that time. The mere assertion of a claim for additional interest on the basis of an alleged default in complying with the bond resolution will not deprive the city of its right to proceed under the redemption resolution, nor will the city be required to await the determination of this issue before proceeding to redeem.

The surrender of the refunding bonds for redemption in no way prejudices the right of the holder to claim additional interest under his bond contract. It would be preposterous to hold that the mere assertion of such a claim would stay the right of the City to redeem. To place such a weapon in the hands of the bond holder would make it possible for him to nullify the right to redeem. Certainly the refunding act and the bond contract in question did not contemplate any such situation.

Holding this view it follows that the City is authorized to proceed with the redemption of the outstanding refunding bonds pursuant to the resolution of October 30, 1944, and the notice therein recited. It is our view that interest on the refunding bonds will cease to accrue as provided by the terms and conditions of the resolution adopted October 30, 1944. Any judgments which may be secured by reverter interest may be satisfied in the usual way when secured.

Affirmed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.